DAY PITNEY LLP
7 Times Square, Times Square Tower
New York, NY 10036
(973) 966-6300
HBROCHIN@DAYPITNEY.COM

**ATTORNEYS FOR** Defendant
United Parcel Service, Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON JESSUP, | Civil Action No. 2:17-cv-01501 (SJF)(AYS) |
| Plaintiff, | |
| v. | **ANSWER** |
| UNITED PARCEL SERVICE, INC., d/b/a UPS | |
| Defendant. | |

Defendant United Parcel Service, Inc. d/b/a UPS ("UPS"), provides this Answer to the Complaint of plaintiff Jason Jessup ("Jessup").

### **INTRODUCTION**

1. UPS denies the allegations contained in paragraph 1 of the Complaint, except to admit that Jessup seeks damages and other relief for alleged violations of Jessup's constitutional and statutory civil rights pursuant to 42 U.S.C. § 1981 and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec Law § 296, *et seq*, and UPS denies that those claims have any basis in law or in fact.

2. UPS denies the allegations contained in paragraph 2 of the Complaint.

3. UPS denies the allegations contained in paragraph 3 of the Complaint.

4. UPS denies the allegations contained in paragraph 4 of the Complaint.

5. UPS denies the allegations contained in paragraph 5 of the Complaint.

6. UPS denies the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. UPS admits that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, over the claims set forth under 42 U.S.C. § 1981, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the claims set forth under the NYSHRL, but denies there is any basis in law or fact for such claims.

8. UPS denies the allegations contained in paragraph 8 of the Complaint, except to admit that venue lies in this judicial district pursuant to 28 U.S.C. § 1391.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UPS admits that Section 1981 and the NYSHRL do not have applicable statutory administrative exhaustion requirements.

## PARTIES

10. UPS lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except to admit that UPS' business records indicate that Jessup was a resident of the County of Nassau, State of New York during his employment with UPS.

11. UPS admits Jessup is a former employee of UPS, and that he was employed by UPS for a period of time in UPS' facility located in Nassau County.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UPS denies this allegation because Jessup does not identify the "times relevant" to the Complaint.

13. UPS admits the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UPS admits the allegations contained in paragraph 14 of the Complaint.

15. UPS admits the allegations contained in paragraph 15 of the Complaint.

16. UPS admits the allegations contained in paragraph 16 of the Complaint.

17. UPS admits the allegations contained in paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

18. UPS admits the allegations contained in paragraph 18 of the Complaint, except to state that Jessup's accurate "termination" date is set forth in UPS' business records.

19. UPS denies the allegations contained in paragraph 19 of the Complaint.

20. UPS denies the allegations contained in paragraph 20 of the Complaint.

21. UPS denies the allegations contained in paragraph 21 of the Complaint.

22. UPS denies the allegations contained in paragraph 22 of the Complaint.

23. UPS denies the allegations contained in paragraph 23 of the Complaint.

24. UPS denies the allegations contained in paragraph 24 of the Complaint.

25. UPS denies the allegations contained in paragraph 25 of the Complaint, except to admit that Jessup was questioned about his missing hand truck.

26. UPS denies the allegations contained in paragraph 26 of the Complaint, except to admit that, from time to time, UPS management distribute awards recognizing safety milestones at various times throughout the work day.

27. UPS lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. UPS denies the allegations contained in paragraph 28 of the Complaint.

29. UPS denies the allegations contained in paragraph 29 of the Complaint.

30. UPS denies the allegations contained in paragraph 30 of the Complaint, except to state that the Center Manager of the Oceanside Center from in or about July 2011 to in or about April 2013 was Roberto Charles, a black male who identifies as Dominican, and that other members of management in the Nassau facility are also black.

31. UPS admits, upon information and belief, the allegations contained in the first sentence of paragraph 31 of the Complaint. UPS denies the allegations contained in the second sentence of paragraph 31 of the Complaint. UPS denies the allegations contained in the third sentence of paragraph 31 of the Complaint.

32. UPS denies the allegations contained in paragraph 32 of the Complaint.

33. UPS denies the allegations contained in paragraph 33 of the Complaint.

34. UPS denies the allegations contained in paragraph 34 of the Complaint, except to admit that Mr. Spatafora was promoted to On-Road Supervisor in 2014.

35. UPS denies the allegations contained in paragraph 35 of the Complaint.

36. UPS denies the allegations contained in paragraph 36 of the Complaint, except to state that Jessup was discharged from UPS for the reasons set forth in the relevant UPS documentation.

37. UPS denies the allegations contained in paragraph 37 of the Complaint.

38. UPS denies the allegations contained in paragraph 38 of the Complaint and further states that according to UPS business records, there is no employee named "David Bermudez" assigned to the Oceanside Center.

39. UPS denies the allegations contained in paragraph 39 of the Complaint.

40. UPS denies the allegations contained in paragraph 40 of the Complaint, except to state that UPS has terminated employees, irrespective of race, for repeated avoidable accidents.

41. UPS denies the allegations contained in paragraph 41 of the Complaint.

42. UPS denies the allegations contained in paragraph 42 of the Complaint.

43. UPS denies the allegations contained in paragraph 43 of the Complaint.

44. UPS denies the allegations contained in paragraph 44 of the Complaint.

45. UPS denies the allegations contained in paragraph 45 of the Complaint.

46. UPS denies the allegations contained in paragraph 46 of the Complaint, except to state that in or around December 31, 2014, UPS directed Jessup to wash trucks after Jessup requested to stay at UPS and complete his contractually-guaranteed 8-hour shift.

47. UPS denies the allegations contained in paragraph 47 of the Complaint.

48. UPS lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. UPS denies the allegations contained in paragraph 49 of the Complaint, except to state that it lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations as to what Jessup witnessed since his allegation is vague and ambiguous.

50. UPS denies the allegations contained in paragraph 50 of the Complaint.

51. UPS denies the allegations contained in paragraph 51 of the Complaint.

52. UPS denies the allegations contained in paragraph 52 of the Complaint.

53. UPS denies the allegations contained in paragraph 53 of the Complaint.

54. UPS denies the allegations contained in paragraph 54 of the Complaint.

55. UPS denies the allegations contained in paragraph 55 of the Complaint, except to admit that Jessup repeatedly made numerous unsubstantiated allegations and complaints about alleged unfair or disparate discipline.

56. UPS denies the allegations contained in paragraph 56 of the Complaint.

57. UPS denies the allegations contained in paragraph 57 of the Complaint.

58. UPS denies the allegations contained in paragraph 58 of the Complaint, except to admit that during the years 2013 and 2014, Reimo would have weekly meetings with new drivers and/or trainees.

59. UPS denies the allegations contained in paragraph 59 of the Complaint.

60. UPS denies the allegations contained in paragraph 60 of the Complaint, except to state that it lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations that Jessup provided medical documentation or other information to his Union shop steward.

61. UPS denies the allegations contained in paragraph 61 of the Complaint, except to admit that Jessup's discharge, and the reason(s) for that discharge, are set forth in the relevant UPS documentation.

62. UPS denies the allegations contained in paragraph 62 of the Complaint, except to admit that Jessup (and others) filed a lawsuit, that the Court subsequently severed the claims and directed plaintiffs to file separate lawsuits, that certain discovery requests were served on this Firm by plaintiffs, and that Michael Costanza's discipline is documented and speaks for itself.

## FIRST CLAIM FOR RELIEF
### (Alleged Violation of Section 1981)

63. UPS repeats and makes a part hereof each and every response to paragraphs 1 through 62 above as if set forth fully herein at length.

64. Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations contained in paragraph 64 of the Complaint. UPS further states that by Order dated May 19, 2017, Jessup's claims alleging national origin discrimination were dismissed with prejudice.

65. UPS denies the allegations contained in paragraph 65 of the Complaint.

66. UPS denies the allegations contained in paragraph 66 of the Complaint.

67. UPS denies the allegations contained in paragraph 67 of the Complaint.

68. UPS denies the allegations contained in paragraph 68 of the Complaint.

69. UPS denies the allegations contained in paragraph 69 of the Complaint.

70. UPS denies the allegations contained in paragraph 70 of the Complaint, and further denies that Jessup is entitled to any of the relief sought pursuant to the First Claim for Relief in the Complaint.

71. UPS denies the allegations contained in paragraph 71 of the Complaint, and further denies that Jessup is entitled to any of the relief sought pursuant to the First Claim for Relief in the Complaint.

## SECOND CLAIM FOR RELIEF
### (Alleged Violation of NYSHRL – Racial Discrimination and Hostile Work Environment)

72. UPS repeats and makes a part hereof each and every response to paragraphs 1 through 71 above as if set forth fully herein at length.

73. Paragraph 73 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, UPS denies the allegations contained in paragraph 73 of the Complaint. UPS further states that by Order dated May 19, 2017, Jessup's claims alleging national origin discrimination were dismissed with prejudice.

74. UPS denies the allegations contained in paragraph 74 of the Complaint. UPS further states that by Order dated May 19, 2017, Jessup's claims alleging national origin discrimination were dismissed with prejudice.

75. UPS denies the allegations contained in paragraph 75 of the Complaint.

76. UPS denies the allegations contained in paragraph 76 of the Complaint.

77. UPS denies the allegations contained in paragraph 77 of the Complaint, and further denies that Jessup is entitled to any of the relief sought pursuant to the Second Claim for Relief in the Complaint.

**DEMAND FOR JURY TRIAL**

78. UPS denies that there is any merit to this lawsuit, and denies that a trial will be warranted.

As to the WHEREFORE clause immediately following paragraph 78 of the Complaint, UPS denies that Jessup is entitled to any of the relief requested therein, and further denies that Jessup is entitled to any of the relief sought with respect to any of the Causes of Action in the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

The conduct alleged by Jessup, even if true, does not rise to the level necessary to state a claim of unlawful discrimination, harassment or retaliation under Section 1981 or the NYSHRL.

**FIFTH AFFIRMATIVE DEFENSE**

Without prejudice to any other defense, Jessup's race, color, and alleged protected activity were not the cause of the alleged adverse employment actions taken against him.

**SIXTH AFFIRMATIVE DEFENSE**

UPS complied with its obligations under applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

Without prejudice to any other defense, any act or omission giving rise to Jessup's claims was not intentional.

**EIGHTH AFFIRMATIVE DEFENSE**

Without prejudice to any other defense, all decisions made by UPS with respect to Jessup were made for legitimate, non-discriminatory, non-retaliatory reasons.

**NINTH AFFIRMATIVE DEFENSE**

Without prejudice to any other defense, UPS would have made the same employment decisions with respect to Jessup regardless of any discriminatory or retaliatory motive.

**TENTH AFFIRMATIVE DEFENSE**

Jessup's claims are barred in whole or in part, or he is estopped from pursuing all or part of these claims, because they have been arbitrated and the Arbitrator found that Jessup's allegations have no merit, and that UPS had "just cause" to terminate his employment pursuant to the terms of the CBA.

**ELEVENTH AFFIRMATIVE DEFENSE**

On the facts alleged and applicable law, Jessup is not entitled to recover attorney's fees, interest, and costs.

**TWELFTH AFFIRMATIVE DEFENSE**

On the facts alleged and applicable law, Jessup is not entitled to recover economic damages, including back pay, front pay, and benefits.

**THIRTEENTH AFFIRMATIVE DEFENSE**

On the facts alleged and applicable law, Jessup is not entitled to recover punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

On the facts alleged and applicable law, Jessup is not entitled to recover compensatory damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Jessup failed to make reasonable efforts to mitigate any alleged damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The damages alleged by Jessup were not proximately caused by the actions of UPS.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any loss sustained by Jessup was due to the actions of Jessup or some other third party over whom UPS exercised no control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Jessup's claims are barred and/or his damages are limited by the doctrine of after-acquired evidence.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Jessup's claims are barred and/or preempted by the Labor Management Relations Act and/or the National Labor Relations Act.

### TWENTIETH AFFIRMATIVE DEFENSE

UPS and the International Brotherhood of Teamsters are parties to a collective bargaining agreement that contains a mandatory final and binding grievance and arbitration procedure that constitutes Jessup's sole and exclusive remedy for certain of his claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Court may not exercise jurisdiction over some or all of Jessup's claims to the extent that Jessup failed to exhaust the necessary administrative remedies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Jessup did not engage in any protected activity that would support a retaliation claim under Section 1981 or the NYSHRL.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Jessup's retaliation claims under Section 1981 fail because no underlying Section 1981 violation occurred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense, UPS exercised reasonable care to prevent and correct any alleged discrimination or retaliation, and Jessup unreasonably failed to avail himself of UPS' preventative and corrective policies and procedures and failed to otherwise avoid harm.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

UPS reserves the right to amend its Answer to add additional affirmative and other defenses or to delete or withdraw such defenses or to add counterclaims as may become necessary after a reasonable opportunity for appropriate discovery.

DAY PITNEY LLP
Attorneys for Defendant
United Parcel Service, Inc.

By:   /s/HEATHER WEINE BROCHIN
HEATHER WEINE BROCHIN
For the Firm
7 Times Square
New York, NY 10036
(973) 966-8199
hbrochin@daypitney.com

DATED:  May 19, 2017